**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEREK LEE MILLS, | |
| Plaintiff | CIVIL ACTION NO. 3:26-CV-00152 |
| v. | (MEHALCHICK, J.) |
| MS. BRITTAIN, *et al.*, | |
| Defendants. | |

**MEMORANDUM**

Derek Lee Mills, a *pro se* prisoner seeking to proceed *in forma pauperis*, alleges that an unspecified number of female officers at SCI-Frackville are engaged in ongoing acts of "sexual exhibition," purportedly creating an abusive environment at the prison. Mills has also sought leave to proceed *in forma pauperis*. Because Mills's complaint is legally and factually frivolous, it will be dismissed, and the case closed, without prejudice to any state law claims he may pursue in state court.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

Mills's complaint (Doc. 1) names 23 defendants, including 22 female staff members at SCI-Frackville. He alleges that in "any and all areas of the prison," from January 2025 through the present, female officers have been "wearing uniforms and other clothing that are obscenely tight and sexually revealing." He alleges, in lewd and offensive language, that the officers' clothing displays their genitals with the intent of causing "men 'prisoners' like [Mills] to be sexually aroused," leaving Mills "psychosexually and psychologically traumatized." He contends that this causes "sexual aggression which also leads to violence both real and imagined" in the prison.

Mills alleges that he documented "the behavior of multiple SCI-Frackville female employees" and filed PREA reports, prison grievances, and other written complaints. On November 18, 2025, CO1 O'Donnel confiscated his writings on the basis that they "posed a threat and sexually harassed" the female officers. O'Donnel allegedly issued Mills a misconduct charge for his "detailed descriptions of violent sexual acts [Mills] wished to perform on multiple females at SCI-Frackville," which was sustained after a disciplinary hearing. Mills argues that the hearing officer misinterpreted the evidence and failed to "see [his] writings and documents for what they obviously are." He asserts claims under the First, Eighth, and Fourteenth Amendments, and state law tort claims.

## II.    SECTION 1915(E)(2) STANDARD

A plaintiff proceeding *in forma pauperis* is subject to 28 U.S.C. § 1915(e)(2), which provides that a court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Under this statute, an *in forma* pauperis action may be dismissed "at any time," before or after service of process. *See* 28 U.S.C. § 1915(e)(2); *Walker v. Sec. Office of SCI Coal Twp.*, Civil No. 3:CV–08–1573, 2010 WL 1177338, at *4 (M.D. Pa. Mar. 25, 2010). A complaint is frivolous "if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' [or] 'delusional'." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)). A complaint is "malicious" if it is filed to "vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995); *see, e.g.*, *Kennedy v. Getz*, 757 F. App'x 205, 208 (3d Cir. 2018).

## III.    DISCUSSION

The Court finds Mills's allegations that 20 different prison employees have been deliberately engaged in "sexual exhibition" for more than a year, and that their uniforms pose a threat to prison safety, to be fanciful and clearly baseless. The lewd and graphic nature of the allegations suggests that they were intended for a prurient purpose, or to embarrass or abuse the defendants, rather than as a genuine assertion of entitlement to legal redress. Regardless, "sexual harassment in the absence of contact or touching" would not amount to cruel and unusual punishment under the Eighth Amendment. *Manon v. Garrison*, No. 1:12-CV-0844, 2012 WL 3542328, at *2 (M.D. Pa. Aug. 15, 2012) (listing cases); *see*, *e.g.*, *Williams v. Wetzel*, 776 F. App'x 49 (3d Cir. 2019). Further, Mills cannot bring a constitutional claim in federal court to enforce a dress code or any other Department of Corrections policy. *See Washington v. Salamon*, No. 4:21-CV-01746, 2023 WL 8703392, at *5 (M.D. Pa. Dec. 15, 2023) (a violation of prison policy is not equivalent to a constitutional violation).

The Court finds no other plausible basis for any non-frivolous federal claim. The complaint indicates that prison staff confiscated Mills's writings and imposed a disciplinary sanction based on their determination that the writings amounted to abuse of female officers. Mills cannot relitigate this disciplinary sanction by labeling it as "retaliation," nor does the complaint plausibly suggest a denial of his due process rights. *See Nifas v. Beard*, 374 F. App'x 241, 244 (3d Cir. 2010) (a finding of "some evidence" to support a prison disciplinary finding "checkmates" any claim of retaliatory discipline) (citation omitted); *Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008) (prison grievance process provides a sufficient post-deprivation remedy for confiscated property) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

When a federal court dismisses all federal claims prior to trial, it "must decline" to exercise jurisdiction over state law claims "unless considerations of judicial economy, convenience, and fairness to the parties" dictate otherwise. *See Talley v. Clark*, 111 F.4th 255, 266 n.6 (3d Cir. 2024) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)); 28 U.S.C. § 1367(c). To the extent Mills asserts violations of "negligence laws" and his "right to be free from an intentional infliction of emotional distress," the Court will not exercise supplemental jurisdiction over these state law claims.

## IV.    CONCLUSION

Finding that amendment of the complaint would be futile for the reasons described above, *see Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002), Mills's complaint will be dismissed, and this case will be closed, without prejudice to any state law claims raised in state court. An appropriate order follows.

**Dated: February 26, 2026**              *s/ Karoline Mehalchick*
                                           **KAROLINE MEHALCHICK**
                                           **United States District Judge**

4